IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENDALL FREEMAN, AJ-1805, )
    Petitioner, )
     )
    v. ) 2:14-CV-1174
     )
PENNSYLVANIA BOARD OF PROBATION )
AND PAROLE, )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Kendall Freeman for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Kendall Freeman, an inmate at the State Correctional Institution- Greene has presented a petition for a writ of habeas corpus. On April 25, 1988, petitioner was sentenced to an eight to twenty-one year period of incarceration by the Court of Common Pleas of Allegheny County, Pennsylvania with a maximum release date of October 8, 2008.[1] In his petition here Freeman contends that following his release on parole and reincarceration on four separate occasions, he remains incarcerated due to the erroneous calculation of his maximum sentence expiration date which he contends should expire in March 2015 while the Board of Probation and Parole ("the Board") has recalculated his maximum sentence expiration date to be September 12, 2017.[2]

In response to the petition, the Commonwealth has submitted the declaration of Kimberly Barkley, the Board Secretary.[3] Due to the complex chronology arising from petitioner's frequent paroles and criminal convictions, we insert portions of Ms. Barkley's declaration which is Exhibit A to the answer:

---

[1]  See: Exhibit A to the answer and attachment 1 thereto.
[2]  See: Petition at ¶12.
[3]  See: Exhibit A to the answer.

1

4. As Board Secretary, I act as the Board's custodian of records, and I direct the recording of all official Board decisions as well as the maintenance of all official Board files.

5. Upon request of counsel, I reviewed the records of Mr. Freeman in reference to his current habeas corpus petition.

6. On April 25, 1988, Kendall Freeman ("Freeman") was sentenced to a total sentence of 8 years to 21 years of incarceration for committing the crimes of Burglary, Theft (2 counts) and Receiving Stolen Property. (Attachment #1).

7. Freeman's controlling minimum sentence date at institution number AJ-1805 expired on October 18, 1995 and his original controlling maximum sentence expired on October 18, 2008. (Attachment #1).

8. On July 25, 1996, Freeman was released on parole. (Attachment #2).

9. By a decision mailed May 14, 1999, the Board recommitted Freeman as a technical parole violator for violating multiple conditions of his parole. (Attachment #3).

10. By a decision mailed February 25, 2000, the Board subsequently recommitted Freeman as a convicted parole violator to serve 3 months backtime for committing the offense of Possession of a Small Amount of a Controlled Substance. (Attachment #4).

11. Also by the Board's decision mailed February 25, 2000, the Board recalculated Freeman's maximum sentence date to December 14, 2011. (Attachment #4).

12. On February 14, 2001, the Board released Freeman on reparole to an approved home plan.(Attachment #5).

13. By a decision mailed December 7, 2004, the Board recommitted Freeman as a convicted parole violator to serve 6 months backtime when available for committing the offense of Disorderly Conduct while on parole. (Attachment #6).

14. By a decision mailed March 8, 2005, the Board recommitted Freeman again as a convicted parole violator to serve 12 months backtime for committing the crime of Possession with Intent to Deliver a Controlled Substance. (Attachment #7).

15. Also by the decision mailed March 8, 2005, the Board recalculated Freeman's maximum sentence date to expire on September 9, 2015. (Attachment #7).

16. On February 14, 2006, the Board reparoled Freeman to his 1to 3 year state detainer sentence for Possession with Intent to Deliver a Controlled Substance at institution number GN-0704 . (Attachment #8).

17. On October 25, 2006, the Board paroled Freeman on his sentence at institution number GN-0704 to his Allegheny County detainer sentence. (Attachment #9).

18. By a decision mailed August 2, 2007, the Board revoked Freeman's parole on his sentences at institution numbers AJ-1805 and GN-0704 and recommitted Freeman as a technical parole violator to serve 12 months backtime for violating condition number SC (failure to refrain from assaultive behavior) of his parole. (Attachment #10).

19. On August 3, 2010, the Board reparoled Freeman to an approved home plan. (Attachment #11).

20. On April 3, 2011, Freeman was arrested by the City of Pittsburgh Police Department and charged with the crime of Driving Under the Influence. (Attachment #12).

21. On June 27, 2011, the Board lodged its warrant to commit and detain Freeman. (Attachment #13).

22. On June 29, 2011, the Board notified Freeman it was charging him with violating his parole. (Attachment # 14).

23. On December 7, 2011, Freeman entered into a negotiated guilty plea and was convicted of the crime of Driving Under the Influence in the Court of Common Pleas of Allegheny County and sentenced to 6 months of probation supervision. (Attachment #15).

24. On December 29, 2011, Freeman signed waivers of his right to representation by counsel, waiver of his right to a panel hearing, wavier of his right to a violation hearing and admission to violating the technical conditions of his parole, and waiver of his right to a revocation hearing and admission to committing the crime of Driving Under the Influence while on parole. (Attachment #16).

25. By a decision mailed February 16, 2012, the Board recommitted Freeman as both a technical and convicted parole violator to serve a total of 18 months backtime for violating conditions #3A, count #1 (failure to report as instructed), count #2 (failure to abide by written instructions), condition #3B (failure to report an arrest within 72 hours); condition #7 (consumption of alcohol) and for committing the crime of Driving Under the Influence (DUI) while on parole. (Attachment #17).

26. Also by the decision mailed February 16, 2012, the Board recalculated Freeman's maximum sentence date from September 9, 2015 to September 12, 2017. (Attachment #17).

27. The following explains how the Board recalculated Freeman's parole violation maximum date from September 9, 2015 to September 12, 2017: a. when Freeman was released on parole on August 3, 2010, his parole violation maximum date was September 9, 2015, which left 1863 days remaining on his sentence; b. as a convicted parole violator, Freeman automatically forfeited credit for all of the time he spent at liberty on parole ; c. this includes the prior period of time Freeman was on parole from February 14, 2006 (date of parole) to March 27, 2007 (date of Board warrant); d. as such, Freeman still had 2269 days remaining on his sentence; e. the Board did provide Freeman with 163 days of confinement credit for the time he was incarcerated solely on the Board 's warrant from June 27, 2011 (date of Board's warrant) to December 7, 2011 (date of sentencing on new conviction); f. subtracting 163 days from the 2269 days remaining on his sentence yielded 2106 days of backtime owed; g. Freeman became available to begin serving the backtime on his original sentence at institution number AJ-1805 on December 7, 2011, the date Freeman was sentenced on his new DUI conviction in the Allegheny County Court of Common Pleas; h. adding 2106 days to December 7, 2011 yields a new parole violation maximum date of September 12, 2017. (Attachment #18).

28. On March 15, 2012, the Board received a request for administrative relief from Freeman challenging the Board's recacluclation of his maximum sentence date. (Attachment #19).

29. By a decision mailed April 2, 2012, the Board scheduled an evidentiary hearing to determine if Freeman was entitled to·79 days of credit on his maximum sentence date for the time he resided at the Gateway Braddock Community Corrections Facility (CCF). (Attachment #20).

30. On May 31, 2012, an evidentiary hearing was scheduled to determine if Freeman was entitled to 79 days of credit at the Gateway Braddock CCF for the time period he resided at that facility from August 10, 2010 to October 28, 2010. (Attachment #21).

31. On May 31, 2012, on advice of his counsel, Freeman waived his right to any claim of credit at the Gateway Braddock CCF from August 10, 2010 to October 28, 2010. (Attachment #22).

32. On December 4, 2013, the Board received another petition for administrative review from Freeman requesting an evidentiary hearing to challenge his maximum sentence date. (Attachment #23).

33. By a decision mailed June 6, 2014, the Board dismissed Freeman's petition for administrative review as untimely. (Attachment #24).[4]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995). An untimely application for relief is not "properly filed". Pace v. DiGigalielmo, 544 U.S. 408 (2005).

In the instant case, under Pennsylvania law, Freeman had thirty days in which to seek relief from the Board's determination. He failed to do so in a timely manner and for this a

---

[4] Pennsylvania provides a thirty day period in which to seek review. 37 Pa.Code § 73.1(b). In the instant case, Freeman mailed a request for review of the Board's February 3, 2012 decision on December 2, 2013. (Exhibits 23 and 24).

5

procedural default has occurred. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to employ the available state court remedies on this issue and no further consideration of these issues is warranted here.

Additionally, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo

6

contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and *shall be given no credit for the time at liberty on parole.*(emphasis added).

Thus, the record clearly demonstrates that Freeman's continued incarceration is not the result of a violation of any federally protected rights. The calculation of his sentence under Pennsylvania law is fully supported by the record here and there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law.

Because the issue which the petitioner seeks to raise here is both procedurally defaulted and meritless, it is recommended that the petition of Kendall Freeman for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: December 2, 2014